**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2871
_____

EDUARDO ARAUJO-TRUJILLO,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
Respondent
_____

Petition for Review of an Order of the Board of Immigration Appeals
(Agency No. BIA-1:A070-678-821)
Immigration Judge: Hon. Charles W. Honeyman
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 21, 2018
_____

Before: MCKEE, SHWARTZ, and COWEN, <u>Circuit Judges</u>.

(Filed: June 27, 2018)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Petitioner Eduardo Araujo-Trujillo petitions for review of the Board of Immigration Appeals' (the "BIA") decision denying his motion to reopen his immigration proceedings based on alleged ineffective assistance of counsel and changed country conditions. Because the BIA did not abuse its discretion in denying the motion, we will deny the petition.

I

A

Araujo-Trujillo is a native and citizen of Guatemala who entered the United States in the 1980s without inspection.[1] He requested asylum in 1993, asserting guerrilla groups in Guatemala posed a danger to him and his family because he did not want to join these groups. His case was referred to an Immigration Judge (the "IJ") in 2007.[2] The Department of Homeland Security (the "DHS") charged him with removability under 8 U.S.C. § 1182(a)(6)(A)(i).

In 2008, through his then-counsel Jaime Winthuysen Aparisi and Arturo Viscarra, Araujo-Trujillo conceded removability, sought cancellation of removal and, in the alternative, voluntary departure, and withdrew his asylum application. At subsequent

---

[1] Araujo-Trujillo provided different dates concerning his date of entry but the differences are immaterial to our decision.

[2] This delay appears to be the result of the slow pace of adjudicating immigration cases involving individuals from Central America during the pendency of American Baptist Churches v. Thornburgh, 760 F. Supp. 796 (N.D. Cal. 1991) (approving settlement agreement in class action concerning challenges to the processing of asylum applications filed by Guatemalans and Salvadorans).

proceedings, Araujo-Trujillo was represented by attorney Yusuf Ahmad, who also was a member of Aparisi's firm. During a September 2009 hearing, Ahmad confirmed that Araujo-Trujillo's asylum and withholding of removal claims had been withdrawn. The IJ asked Ahmed to confirm whether Araujo-Trujillo had filed any other applications or petitions during his time in the United States, and pressed Ahmad to make sure he had "done [his] due diligence" regarding eligibility under the Nicaraguan Adjustment and Central American Relief Act of 1997 and for benefits under American Baptist Churches v. Thornburgh, 760 F. Supp. 796 (N.D. Cal. 1991), see supra n.2; A.R. 761. Ahmad said he did not believe Araujo-Trujillo was eligible for relief under these programs.

At a September 2011 hearing, the IJ discussed with Araujo-Trujillo the strength of his application for cancellation of removal and explained his options, which included proceeding with the application or withdrawing it with prejudice in exchange for a one-year continuance. The latter option would provide him another year in the United States to await a change in the law and to seek the exercise of prosecutorial discretion by DHS. The IJ agreed that if Araujo-Trujillo was not eligible to stay, then the IJ would issue a voluntary departure order giving Araujo-Trujillo four months to leave the United States. Araujo-Trujillo agreed with Ahmad's recommendation to withdraw his application with prejudice and return in a year.

During the next year, Araujo-Trujillo sought the exercise of prosecutorial discretion. At a November 2012 hearing, the parties informed the IJ that prosecutorial discretion would not be exercised in Araujo-Trujillo's case. Araujo-Trujillo then refused voluntary departure and sought to reinstate his cancellation application.

3

B

At a hearing in December 2012, Araujo-Trujillo moved to reinstate his cancellation application and for a continuance. The IJ denied the motion to reinstate because Araujo-Trujillo had explicitly agreed to withdraw his application in exchange for a one-year continuance, and the IJ found no good cause for granting a further continuance. Araujo-Trujillo appealed the IJ's decision to the BIA, arguing the IJ had deprived him of due process "by pre-judging the application prior to a full hearing and leaving [him] with the only viable option of withdrawing the cancellation application," A.R. 640. In a June 2014 decision, the BIA dismissed the appeal. Araujo-Trujillo did not petition our Court for review.

In July 2014, Aparisi filed a motion to reopen and reconsider, raising the same due process argument and asserting that the proceedings should be reopened based on new evidence regarding his family, medical history, and finances. DHS opposed it and, in reply, Araujo-Trujillo submitted articles and country reports purportedly showing an increase in crime, gang activity, and corruption in Guatemala. The BIA denied his motion in an October 2014 decision, and Araujo-Trujillo did not petition for review.

In February 2017, Araujo-Trujillo—through new counsel—filed a second motion to reopen seeking asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). He based this motion on alleged ineffective assistance of counsel and changed country conditions. He asserted his previous counsel withdrew his asylum application without his consent, which prevented him from having a merits hearing on his claim of past persecution. As to country conditions, Araujo-Trujillo

4

argued "the failed Guatemalan state has allowed transnational narco-trafficking/criminal organizations to become the new de facto ruling authority in the country," A.R. 454, and he suffered persecution based on an imputed political opinion. Araujo-Trujillo also stated internal relocation would be unreasonable.

The BIA denied the motion, concluding (1) Araujo-Trujillo did not comply with the procedural requirements for a claim of ineffective assistance of counsel set forth in Matter of Lozada, 19 I. & N. Dec. 637 (B.I.A. 1988), because he did file any complaints against his former attorneys with the relevant disciplinary authorities, and did not exercise due diligence to pursue this claim; (2) there were no exceptional circumstances that warranted reopening sua sponte; (3) there was no material change in country conditions because gang-related crime and violence affected the entire population, and such violence, without more, did not establish prima facie eligibility for asylum or reopening; and (4) as to CAT relief, while the evidence showed some Guatemalan authorities engaged in torture, Araujo-Trujillo failed to demonstrate a prima facie clear probability he faced torture by or with the acquiescence of the Guatemalan government.

Araujo-Trujillo petitions for review.

II[3]

A

We review the denial of a motion to reopen for abuse of discretion, "regardless of

the underlying basis of the alien's request for relief." Pllumi v. Att'y Gen., 642 F.3d 155,

158 (3d Cir. 2011). We give "broad deference" to the BIA's ultimate decision,

Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003) (citation and internal quotation

marks omitted), which we will disturb only if it is "arbitrary, irrational, or contrary to

law," Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006) (citation and internal quotation

marks omitted). We exercise de novo review of questions of law, including claims

relating to ineffective assistance of counsel, Fadiga v. Att'y Gen., 488 F.3d 142, 153 (3d

Cir. 2007), and we review the BIA's findings of fact under the substantial evidence

standard, Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). Under this standard, we

must uphold the BIA's factual findings "unless the evidence not only supports a contrary

conclusion, but compels it." Abdille v. Ashcroft, 242 F.3d 477, 484 (3d Cir. 2001).[4]

B

Araujo-Trujillo argues the BIA abused its discretion in refusing to reopen the

proceedings because (1) it erroneously grounded its decision on his failure to file a bar

---

[3] The IJ had jurisdiction pursuant to 8 C.F.R. § 1208.2(b), and the BIA had jurisdiction to consider Araujo-Trujillo's motion to reopen under 8 C.F.R. § 1003.2(a). We have jurisdiction pursuant to 8 U.S.C. § 1252(a).

[4] Because "the decision of the BIA whether to invoke its sua sponte authority is committed to its unfettered discretion," we lack jurisdiction to review the BIA's decision not to invoke that authority. Calle-Vujiles v. Ashcroft, 320 F.3d 472, 474 (3d Cir. 2003) (citation and internal quotation marks omitted).

complaint against his prior counsel, ignoring our Court's caution against rigid application of the Lozada requirements; (2) the BIA erred in concluding he had not exercised due diligence in raising ineffective assistance of counsel; and (3) the factual basis for the BIA's ruling as to country conditions is inconsistent with the record and the BIA failed to examine his claim of persecution based on an imputed political opinion. His arguments fail.

With limited exceptions, a party may file only one motion to reopen, and the motion "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2). There is no dispute Araujo-Trujillo's motion was time- and number-barred. He seeks to toll the time period to file a motion to reopen based on his claim of ineffective assistance of counsel. Such a claim can be a basis to equitably toll the limitations period for a motion to reopen, provided the alien raising such a claim exercised due diligence in pursuing it. Alzaarir v. Att'y Gen., 639 F.3d 86, 90 (3d Cir. 2011) (per curiam); Mahmood v. Gonzales, 427 F.3d 248, 252-53 (3d Cir. 2005).

Certain procedural requirements must be met before the BIA considers an ineffective assistance claim on its merits: "[t]he alien must (1) support the claim with an affidavit attesting to the relevant facts; (2) inform former counsel of the allegations and provide counsel with the opportunity to respond . . . ; and (3) state 'whether a complaint has been filed with appropriate disciplinary authorities regarding [the allegedly deficient] representation, and if not, why not.'" Fadiga, 488 F.3d at 155 (quoting Lozada, 19 I. & N. Dec. at 639)). We have cautioned against "a strict, formulaic" application of

7

Lozada—especially its third prong—and noted that "the failure to file a complaint is not fatal if a petitioner provides a reasonable explanation for his or her decision." Lu v. Ashcroft, 259 F.3d 127, 133-34 (3d Cir. 2001) (emphasis omitted).

Araujo-Trujillo essentially satisfied the first two requirements,[5] but the parties dispute whether his failure to file a bar complaint against prior counsel precludes reopening his proceedings. The BIA did not abuse its discretion in concluding Araujo-Trujillo's claim is procedurally barred because he has provided no reasonable explanation for not having filed a bar complaint. In his motion to reopen, he stated he "declined to file a complaint with the Bar Association for Attorney Ahmad's and Viscar[r]a's representation in his case because the statute of limitations has run under Maryland law (where the two are licensed)." A.R. 450. As the BIA observed, Araujo-Trujillo cited no authority for this assertion, and we are not aware of any time restriction on the filing of such complaints or that the limitations period to file a legal malpractice lawsuit has anything to do with filing a complaint with the bar.

Moreover, Araujo-Trujillo's communications with his prior counsel do not fulfill the purposes of the bar complaint requirement. While these communications serve certain purposes behind the bar complaint requirement, they do not reduce the need for an evidentiary hearing or "increase[ ] our confidence in the validity of [his] claim." Lu, 259

---

[5] Araujo-Trujillo claims before us that his counsel was ineffective for, among other things, withdrawing his asylum application. Araujo-Trujillo did not inform his counsel that he believed this constituted ineffective assistance, and so former counsel had no chance to respond. This portion of his ineffective assistance claim fails to meet the second Lozada requirement and will not be considered.

F.3d at 133 (citation and internal quotation marks omitted); cf. Fadiga, 488 F.3d at 156-57 (concluding the third prong's purposes were satisfied despite petitioner's failure to file a bar complaint because "prior counsel has fully and openly owned up to his error and provided a detailed affidavit attesting to the problems in the representation").  The BIA therefore did not abuse its discretion in denying Araujo-Trujillo's motion on the ground that he failed to satisfy Lozada's procedural requirements.

The BIA also did not abuse its discretion in concluding Araujo-Trujillo did not act with due diligence in asserting his ineffective assistance of counsel claim.  "Due diligence must be exercised over the entire period for which tolling is desired."  Alzaarir, 639 F.3d at 90.  Araujo-Trujillo admits that "there is not a sentence or a paragraph in his affidavit that explicitly articulates why he waited until 2017[.]"  Pet'r Br. at 24.  He asks us to "infer[ ]" he was unaware of his counsel's errors until his new counsel opined that "he had been deprived of two forms of relief by his trial attorneys while his case was before the Philadelphia immigration court."  Id.  He does not explain what his new counsel discovered that he could not have known.  For instance, Araujo-Trujillo withdrew his cancellation of removal application in 2011 and he knew since 2012 that the cancellation application would not be reinstated, which was years before he asserted his former counsel was ineffective in advising him to withdraw his application.  Given the absence of any explanation for his delay, the BIA did not abuse its discretion in declining to reopen Araujo-Trujillo's case.  See Alzaarir, 639 F.3d at 88-91.

In addition, Araujo-Trujillo is not entitled to relief from the 90-day deadline for filing a motion to reopen based on changed country conditions.  The 90-day deadline to

file such a motion does not apply where the alien "presents material evidence of changed country conditions that could not have been presented during the hearing before the IJ." Shardar v. Att'y Gen., 503 F.3d 308, 313 (3d Cir. 2007); see 8 C.F.R. § 1003.2(c)(3)(ii). An alien seeking to reopen his case on this basis must demonstrate both changed country conditions and prima facie eligibility for the relief sought. See Guo v. Ashcroft, 386 F.3d 556, 562-63 (3d Cir. 2004). To satisfy this eligibility standard, the alien must "produce objective evidence showing a reasonable likelihood that he can establish that he is entitled to relief." Id. (citation, alterations, and internal quotation marks omitted).

Substantial evidence supports the BIA's conclusion that Araujo-Trujillo did not show a material change in country conditions. The documents Araujo-Trujillo submitted, which include articles and country reports, demonstrate significant weaknesses in Guatemala's institutions and that gang- and drug-related violence is prevalent. These documents also show, however, "that crime and violence related to gangs and drug cartels has plagued Guatemala since prior to the [IJ]'s 2012 decision[.]" A.R. 4; see Bamaca-Cifuentes v. Att'y Gen., 870 F.3d 108, 113 (3d Cir. 2017) (observing the evidence showed "ongoing problems in Guatemala, and did not provide a basis for finding that there was a material change in conditions there after January 2012"). Thus, the BIA did not err in concluding there have been no material changes in country conditions.[6]

---

[6] Because Araujo-Trujillo did not show there has been a material change in country conditions, it is immaterial whether the BIA relied on Araujo-Trujillo's failure to show membership in a particular social group or his assertion of persecution based on an imputed political opinion.

The BIA also did not err in observing that, to the extent Araujo-Trujillo fears he could be harmed by gang members and other criminal elements in Guatemala, such a generalized fear, without more, does not support a claim for asylum or withholding of removal, see Abdille, 242 F.3d at 494-95 (holding "ordinary criminal activity" and "generalized lawlessness and violence" do not rise to the level of persecution necessary to establish eligibility for asylum (citation omitted)), and does not suggest that he will suffer torture with the consent or acquiescence of government officials, as required for CAT relief, see 8 C.F.R. §§ 1208.16(c), 1208.17(a), 1208.18(a). Accordingly, the BIA did not abuse its discretion in concluding Araujo-Trujillo failed to demonstrate prima facie eligibility for relief and declining to reopen his case based on changed country conditions.

## III

For the foregoing reasons, we will deny the petition for review.